NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0736n.06

No. 10-6558

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Oct 27, 2011** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CLINTON TURNER, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: BATCHELDER, Chief Judge; MARTIN and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Clinton Turner argues that the district court miscalculated his recommended sentence when it applied a cross reference to attempted second-degree murder based on a depraved heart. The United States agrees. The parties are right, so we vacate Turner's sentence and remand for resentencing.

The facts, as the district court found them, show that on August 9, 2009, Turner—while under the influence of alcohol, prescription medication, and crack cocaine—came out of his home wielding a shotgun. There he met his wife, Bonnie Ruffin, and two others. Turner fired the shotgun once into the air and then pointed it at Ruffin and the others, but did not fire. Another man, James Gates, attempted to wrestle the gun away from Turner. In the ensuing struggle, the gun went off and

severely injured Ruffin. The district court found at sentencing that Turner's actions were extremely reckless, but that Turner did not intend to kill Ruffin (or anyone else).

Turner pled guilty to being a felon in possession of a firearm. His presentence investigation report calculated a base offense level of 33 based on a cross reference to attempted first-degree murder under § 2A2.1(a)(1) of the Guidelines. The district court rejected that cross reference in light of its finding that Turner did not intend to kill Ruffin. At the government's urging, however, the court applied a cross reference to attempted second-degree murder under § 2A2.1(a)(2), on the theory that Turner acted with a depraved heart.

The government has since changed its mind, conceding that Turner should not have received the cross reference to § 2A2.1(a)(2). The government is correct. Under federal law, a defendant cannot be guilty of attempted murder without a specific intent to kill. *See Braxton v. United States*, 500 U.S. 344, 351 n.* (1991) (quoting 4 C. Torcia, *Wharton's Criminal Law* § 743, p. 522 (14th ed. 1981)) ("Although murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill"). The same is true under Tennessee state law. *See State v. Kimbrough*, 924 S.W.2d 888, 891 (Tenn. 1996). Simply stated, the cross reference here was to a crime that does not exist. *See generally* 2 Wayne R. Lafave, *Substantive Criminal Law* § 11.3(a), at 212–13 (2d ed. 2003) (footnotes omitted).

The erroneous cross reference caused the district court to miscalculate Turner's Guidelines range, which in turn makes his sentence procedurally unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Thus, we vacate Turner's sentence and remand for re-sentencing.