# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3556

_____

United States of America

*Plaintiff - Appellee*

v.

Sael Moh'd Tumah Mustafa

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 17, 2012
Filed: September 24, 2012
[Published]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Sael Moh'd Tumah Mustafa pleaded guilty to aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. The district court[1] sentenced Mustafa to 120

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge of the United States District Court for the Western District of Missouri.

months' imprisonment. Mustafa appeals his sentence, arguing that the district court erred by applying a preponderance of the evidence standard when determining Mustafa's relevant conduct for purposes of sentencing enhancements. We affirm.

I.

The government charged Mustafa for his participation in a scheme involving the use of stolen credit card information to purchase gift cards from several businesses. Mustafa pleaded guilty without a plea agreement, and the district court ordered a presentence report (PSR). The PSR set Mustafa's base offense level at 7 under United States Sentencing Guidelines (Guidelines) § 2B1.1(a)(1)[2] and recommended the following seven enhancements based on Mustafa's relevant conduct: 1) a fourteen-level enhancement under § 2B1.1(b)(1)(H) for a loss of more than $400,000; 2) a six-level enhancement under § 2B1.1(b)(2)(C) because the loss involved 250 or more victims; 3) a two-level enhancement under § 2B1.1(b)(9)(B) because a substantial portion of the scheme was committed from outside the United States; 4) a two-level enhancement under § 2B1.1(b)(10)(C)(i) for using means of identification to unlawfully produce other means of identification; 5) a three-level enhancement under § 3B1.1(b) because Mustafa was a manager or supervisor in the scheme and the criminal activity involved five or more participants; 6) a two-level enhancement under § 3B1.3 because Mustafa used a special skill in the commission of the offense; and 7) a two-level enhancement under § 3B1.4 for using minors to facilitate commission of the offense. Mustafa objected to these enhancements, arguing that there was no factual basis to support them.

At the initial sentencing hearing in April 2011, the district court heard testimony that Mustafa used a computer to gain administrative access to several

_____

[2]The Probation Officer used the 2009 version of the Guidelines in preparing the PSR.

business websites. As an administrator, Mustafa was able to download personal information about the businesses' customers. Mustafa used this personal information to access the customers' credit and debit card accounts. The government presented evidence that Mustafa and other members of the scheme would then steal from the customers' accounts through wire transfers and the purchase of gift cards and airline tickets. At the conclusion of the hearing, the district court reserved ruling on Mustafa's objections to the enhancements.

At a second sentencing hearing, the district court found that the PSR's enhancements were supported by a preponderance of the evidence presented at the April 2011, hearing. The district court calculated Mustafa's advisory Guidelines range at 168 to 210 months' imprisonment but varied downward and imposed a sentence of 120 months' imprisonment. Mustafa argues that the district court's calculation of the Guidelines was error because the district court should have required the government to prove the facts enhancing Mustafa's sentence by clear and convincing evidence.

## II.

We review the district court's interpretation and application of the advisory Guidelines *de novo*. United States v. Gayekpar, 678 F.3d 629, 639 (8th Cir. 2012). In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court rendered the Guidelines advisory. Since that time, we have repeatedly held that "due process never requires applying more than a preponderance-of-the-evidence standard for finding sentencing facts, even where the fact-finding has 'an extremely disproportionate impact on the defendant's advisory guidelines [sentencing] range.'" United States v. Lee, 625 F.3d 1030, 1034-35 (8th Cir. 2010) (quoting United States v. Villareal-Amarillas, 562 F.3d 892, 898 (8th Cir. 2009)).

Mustafa argues that because the uncharged relevant conduct used to enhance his sentence could have been charged independently as other federal crimes, his case is distinguishable from Lee, Villareal-Amarillas, and other similar cases. We have rejected a similar argument before and again decline to draw such a distinction. See United States v. McKanry, 628 F.3d 1010, 1020 (8th Cir. 2011) (district court did not err by basing defendant's loss calculation on fraudulent transactions for which defendant was acquitted or not charged because a preponderance of the evidence supported the conclusion that defendant had engaged in conduct furthering the fraudulent transactions at issue). Mustafa is not being sentenced for crimes for which he was not charged. As the Supreme Court explained, "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." United States v. Watts, 519 U.S. 148, 154 (1997).

III.

The sentence is affirmed.

_____