NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1215n.06

No. 12-5027

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 21, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| MARCUS DEAN, a/k/a MARCUS LEE | ) | O P I N I O N |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    DAUGHTREY, COLE, and GIBBONS, Circuit Judges.

COLE, Circuit Judge.  Defendant-Appellant Marcus Dean pled guilty to attempted robbery, in violation of 18 U.S.C. § 1951 (Count 1); the use or carrying of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2); and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g) (Count 3).  He now appeals his sentence.  For the reasons that follow, we affirm.

I.  BACKGROUND

On July 21, 2010, at approximately 11:00 p.m., Marcus Dean entered the American Inn Hotel in Memphis, Tennessee, and rang the bell for assistance.  When Dipesh Patel, a hotel employee, greeted Dean at the courtesy window, Dean said to him, "Give me whatever you have or I will shoot you."  As Patel turned to run, Dean shot him in the right lower hip.  Officers were alerted to a robbery and dispatched to the scene, where they recovered one spent shell casing.

As a result of the shooting, Patel suffered permanent and debilitating injuries, including damage to his intestines and colon, and paralysis for two and a half months. Patel remains confined to a wheelchair and is unable to work. Patel has only a one percent chance that he will ever walk again.

Following Dean's guilty plea to all three counts, the U.S. Probation and Pretrial Services prepared a Presentence Investigation Report (PSR), recommending a base offense level of 33. This offense level was reached by cross-referencing to U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1, and 2A2.1. The base offense level for a felon in possession of ammunition is found at § 2K2.1. If the defendant used the firearm or ammunition in connection with the commission or attempted commission of another offense, § 2K2.1 requires application of § 2X1.1. § 2X1.1(c) requires application of § 2A2.1, the Guideline for attempted murder, which sets the base offense level at 33.

The PSR added four levels pursuant to § 2A2.1(b)(1)(A) because Patel suffered a permanent or life threatening injury, which resulted in a total offense level of 37. Based on this and on Dean's criminal history category of V, the PSR recommended a restricted Guideline custody range of 324 to 360 months. In addition, the § 924(c) conviction carries a minimum sentence of ten years to be served consecutively to any other term of imprisonment. 18 U.S.C. § 924(g).

At Dean's sentencing hearing, the district court considered whether Dean possessed the specific intent necessary to have committed attempted murder. The court heard testimony from James Taylor, an officer with the Memphis Police Department and a member of the FBI Robbery Task Force, who had reviewed the hotel's security video and interviewed Patel, and concluded that the shooting was not accidental. The video showed Dean chambering a round in his .9 millimeter

automatic pistol, reaching through an opening in the security glass at the courtesy window, and firing one round at Patel. Taylor stated that "an accident would have been shooting the gun into the counter." Dean has consistently maintained, however, that the gun went off accidentally and that he lacked specific intent to kill Patel.

The district court found by a preponderance of the evidence that the cross reference to attempted murder in the PSR was correct because Dean attempted to murder Patel. The court based its decision on the following facts: (1) Dean threatened to shoot Patel; (2) as Patel fled, Dean chambered a round in his pistol; and (3) Dean stuck his arm through the hole in the security glass and fired in Patel's direction.

From the offense level of 37 recommended in the PSR, the district court lowered Dean's total offense level by three levels to 34, giving Dean full credit for accepting responsibility. This resulted in a Guideline range of 235 to 293 months for Counts 1 and 3. The court sentenced Dean to 200 months of imprisonment as to Count 1 and 120 months of imprisonment as to Count 3, to be served concurrently with the sentence for Count 1. In addition, the court sentenced Dean to the mandatory sentence of 120 months as to Count 2, to be served consecutively to the sentences for Counts 1 and 3. This resulted in an effective sentence of 320 months. The court also imposed two years of supervised release. This appeal followed.

## II. ANALYSIS

We review the district court's sentencing judgment for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* In doing so, we "'accept the findings of fact of the district court unless they are clearly erroneous and . . . give due deference to the district court's application of the guidelines to the facts.'" *United States v. Williams*, 355 F.3d 893, 897-98 (6th Cir. 2003) (quoting 18 U.S.C. § 3742(e)). "All . . . findings of fact that are crucial to a determination of a defendant's base offense level . . . must be based on a preponderance of the evidence." *United States v. Russell*, 156 F.3d 687, 690 (6th Cir. 1998) (citations omitted).

Dean makes two main arguments: (1) the district court clearly erred in finding that he possessed the specific intent necessary to commit attempted murder; and (2) if the district court had to apply a cross reference, it should not have used § 2A2.1.

First, Dean contends that the shooting was an accident. He argues that chambering a round in the pistol was just as consistent with an intent to frighten Patel as it was with a specific intent to kill. Dean also disputes Taylor's statement that an accidental shooting would have hit the counter rather than Patel.

To commit attempted murder, a defendant must possess the specific intent to kill. *United States v. Turner*, 436 F. App'x. 631, 631 (6th Cir. 2011) (citing *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991)). The district court did not clearly err in finding the requisite intent. The evidence shows that Dean threatened to shoot Patel, chambered a round, extended his arm through the hole in the security glass, and fired in Patel's direction.

Under the clear error standard, we "'will not reverse a lower court's findings of fact simply because [we] would have decided the case differently.'" *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (additional quotation marks and citation omitted)). Instead, we must determine "'whether on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Easley*, 532 U.S. at 242) (citations omitted). "[T]he fact that there *is* evidence in the record to support [a] finding is sufficient to preclude us from second guessing the [district] court's determination." *United States v. Wheaton*, 517 F.3d 350, 369 (6th Cir. 2008) (citation omitted). Here, the evidence supports the district court's finding of a specific intent to kill.

Given this factual finding, the district court was bound to apply the guidelines for attempted murder, not the robbery guidelines as Dean argues. *See United States v. Helton*, 32 F. App'x. 707, 715 (6th Cir. 2002) (noting that when the district court sentences under U.S.S.G. § 2K2.1, the Guideline for felon-in-possession of a firearm or ammunition, and the district court determines by a preponderance of the evidence that defendant possesses the intent to attempt murder, the district court is bound to apply § 2A2.1, the Guideline for attempted murder). Accordingly, the district court did not abuse its discretion in applying § 2A2.1, and the district court's cross-reference was appropriate.

### III. CONCLUSION

For the reasons stated above, we affirm.