NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0658n.06

No. 12-6012

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 17, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

    v.

CLINTON TURNER,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

BEFORE:  SILER and COLE, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM.     Clinton Turner, following his guilty plea to being a felon in possession of a firearm, successfully challenged his sentence of 120 months. The unpublished opinion of the Sixth Circuit stated in relevant part as follows:

> The facts, as the district court found them, show that on August 9, 2009 Turner – while under the influence of alcohol, prescription medication, and crack cocaine – came out of his home wielding a shotgun. There he met his wife, Bonnie Ruffin, and two others. Turner fired the shotgun once into the air and then pointed it at Ruffin and the others, but did not fire. Another man, James Gates, attempted to wrestle the gun away from Turner. In the ensuing struggle, the gun went off and severely injured Ruffin. The district court found at sentencing that Turner's actions were extremely reckless, but that Turner did not intend to kill Ruffin (or anyone else).
>
> . . . His presentence investigation report calculated a base offense level of 33 based on a cross reference to attempted first-degree murder under § 2A2.1(a)(1) of the Guidelines. The district court rejected that cross reference in light of its finding that Turner did not intend to kill Ruffin. At the government's urging, however, the court

---

[*]The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation.

applied a cross reference to attempted second-degree murder under § 2A2.1(a)(2), on the theory that Turner acted with a depraved heart.

The government has since changed its mind, conceding that Turner should not have received the cross reference to § 2A2.1(a)(2). The government is correct . . . .

The erroneous cross reference caused the district court to miscalculate Turner's Guidelines range, which in turn makes his sentence procedurally unreasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Thus, we vacate Turner's sentence and remand for re-sentencing.

*United States v. Turner*, 436 F. App'x 631, 631 (6th Cir. 2011).

On remand, Turner's sentence was reduced to 90 months. Turner's second appellate challenge is without merit. Our analysis follows.

Upon remand, the district court applied Sentencing Guidelines for § 2A2.2 for aggravated assault and relied upon Application Note 1 with respect to definitions which state:

"Aggravated assault" means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) *serious bodily injury*; or (C) an intent to commit another felony.

(Emphasis added.)

In re-sentencing the defendant, the district court, over objections of defendant's counsel, applied § 2A2.2 dealing with aggravated assault and applied the above-described definition of aggravated assault and determined that the felonious assault involved (B) serious bodily injury.

We generally review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Corp,* 668 F.3d 379, 386 (6th Cir. 2012) (citation omitted). "If a defendant fails to raise an objection before the district court, however, our review is only for plain error." *Id.*

No. 12-6012, *United States v. Turner*

On appeal, counsel for the defendant contends that the reference to aggravated assault is inappropriate because the defendant did not intend to cause serious bodily injury. Counsel for Turner relies upon the declaration of the district court that Turner did not intend to cause serious bodily injury to his wife. However, § 2A2.2 does not require intent to cause serious bodily injury. *See United States v. Garcia-Camacho*, 122 F.3d 1265, 1268 (9th Cir. 1997).

The second issue raised by Turner is that his conduct, as opposed to the conduct of Gates, did not constitute aggravated assault because his felonious assault did not involve serious bodily injury. Turner raises this issue for the first time on appeal, so we review it for plain error. *See Corp*, 668 F.3d at 386. In so arguing, counsel for Turner contends that the discharge of his weapon was connected to the alleged subsequent Gates assault and argues that there were two separate instances. The district court found to the contrary and applied the definition of aggravated assault involving serious bodily injury.[1]

---

[1]During the first sentencing hearing, the district court, in reviewing the evidence with respect to the shooting declared:

> What happened next is that Mr. Gates decided he needed to protect himself and that he might be shot. Everyone on the scene knew that the shotgun was loaded. Ms. Ruffin testified that she had seen Mr. Turner reload the weapon. He was – actually, the way she talked about the gun, he was waving the gun as he came across the yard at the three of them and appeared angry, *but he didn't go back to the house. He actually came at them with a gun.*
>
> So Mr. Gates decided to protect himself. He did so. He attempted to get the gun away is my reading of the record. He waited for Mr. Turner to approach closely enough; and he, Mr. Gates, grabbed the barrel of the shotgun and tried to get behind the defendant. He attempted to pin the gun to the defendant's chest. He – they ended up struggling to the ground and Mr. Gates struck the defendant from behind on the side of his face. Mr. Gates never had control of the trigger of the gun. *It appears that Mr. Turner continued to have control of the trigger of the gun.*

3

No. 12-6012, *United States v. Turner*

We agree with the district court that the underlying aggravated assault did cause serious bodily injury and the issue of whether Turner intended to cause serious bodily injury to his wife is not relevant.

Consequently, we affirm the sentence of the district court.

---

. . .

What happened is there was a struggle that included a struggle over the gun. The gun at some point was cocked, and it was either cocked before the struggle or while the struggle was going on. *It was cocked by the defendant, and the only logical inference from the proof is that the defendant had his finger on the trigger and fired the gun.* In other words, the gun went off because the defendant had his finger on the trigger. In the course of the struggle, the cocked gun fired. Mr. Gates did not have his finger there.