# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1162

_____

United States of America

*Plaintiff - Appellee*

v.

DeMarko Onslow Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: November 11, 2014
Filed: November 19, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

DeMarko Williams fired seven gunshots at a crowd outside a club. He shot twice, walked toward the crowd, and fired five more times. Although no one was hit, the shots were at body height: two hit the front door of the club, and another hit a side-view mirror on a van in the parking lot. At least seven people in the crowd were

gang affiliates. Williams was affiliated with a rival gang, and the gangs had a history of shooting at each other.

Williams pleaded guilty to being a felon in possession of a firearm. 28 U.S.C. § 922(g). At sentencing, the district court[1] applied a sentencing guidelines cross-reference to the crime of attempted murder. *See* USSG §§ 2A2.1, 2K2.1(c). With the cross-reference, Williams's advisory guidelines range was the statutory maximum sentence of 120 months' imprisonment. 18 U.S.C. § 924(a)(2); *see* USSG § 5G1.1(a). The court varied downward and sentenced Williams to 100 months' imprisonment.

Williams appeals, claiming only that there was insufficient evidence to support the application of the attempted-murder cross-reference. Specifically, Williams argues that he lacked an intent to kill. *See Braxton v. United States*, 500 U.S. 344, 349-51 (1991) (explaining that an intent to kill is an element of attempted murder). The district court's determination of Williams's intent is a finding of fact, which we review for clear error. *See United States v. Grauer*, 701 F.3d 318, 325 (8th Cir. 2012). At sentencing, a district court finds facts by a preponderance of the evidence. *United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012).

Williams argues that he lacked an intent to kill because he had no motive and no specific target within the crowd. However, the court could infer an intent to kill from Williams's firing seven gunshots at a crowd that included rival gang affiliates. *See Braxton*, 500 U.S. at 349-51 (noting that a defendant's stipulation to shooting at a marshal might specifically establish an intent to kill); *United States v. Murillo*, 526 F. App'x 192, 195-96 (3d Cir. 2013) (finding no clear error in determination that shooting at a group of people showed an intent to kill); *United States v. Dean*,

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

506 F. App'x 407, 409 (6th Cir. 2012) (finding no clear error in determination that threatening then shooting at a person showed an intent to kill); *cf. United States v. Wilson*, 992 F.2d 156, 158 (8th Cir. 1993) (per curiam) (affirming a sentence based on an attempted-murder cross-reference where the defendant had shot at a group of people). Under these circumstances, the district court did not clearly err in finding an intent to kill and therefore did not err in applying the attempted-murder cross-reference.

Williams's sentence is affirmed.

_____