# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2782
_____

United States of America

*Petitioner - Appellee*

v.

Randall Lee Comly

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: March 19, 2021
Filed: May 20, 2021

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

Randall Lee Comly pled guilty to possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851; possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The

district court[1] sentenced him to 480 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In October 2019, police officers entered Comly's apartment to arrest him for outstanding warrants. He barricaded himself in a closet with a loaded gun. When he heard police approaching, he exited the closet and fired his gun at police until empty. Officers retreated. Comly refused to leave the apartment.

After Comly surrendered, police searched his apartment, finding evidence of drug trafficking. He pled guilty to drug and firearm crimes. At sentencing, the district court found Comly was an Armed Career Criminal and a career offender. He initially objected to both designations, but later withdrew his objection to the career offender designation. The district court also applied the base offense level under U.S.S.G. § 2A2.1, finding Comly attempted to commit first-degree murder. He challenges the career offender and Armed Career Criminal designations, the application of U.S.S.G. § 2A2.1, and his sentence.

I.

Comly argues he is not a career offender. Typically, this court reviews de novo whether a prior conviction is a serious drug offense under 18 U.S.C. § 924(e). **United States v. Mason**, 440 F.3d 1056, 1057 (8th Cir. 2006). Where, as here, the defendant withdraws his objection to the career offender designation at sentencing, the argument is waived. *See* **United States v. Evenson**, 864 F.3d 981, 983 (8th Cir. 2017) (finding waiver when defendant raised and then withdrew objection to classifying convictions as crimes of violence at sentencing).

Comly also asserts he is not an Armed Career Criminal based on his conviction for conspiracy to manufacture a controlled substance (meth) under Iowa

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Code § 124.401(1)(c)(6). Eighth Circuit precedent precludes this argument. *See United States v. Sawatzky*, 994 F.3d 919, 925-26 (8th Cir. 2021) (holding that a conviction for conspiracy to manufacture meth under Iowa Code § 124.401(1)(c)(6) is a controlled substance offense); *United States v. Castellanos Muratella*, 956 F.3d 541, 544 (8th Cir. 2020) (holding that "section 124.401 fits within the Guidelines definition of a controlled substance offense"); *United States v. Ford*, 888 F.3d 922, 930 (8th Cir. 2018) (holding that Iowa convictions for manufacturing meth and possessing with intent to deliver meth under Iowa Code § 124.401(1) were both serious drug offenses under the Armed Career Criminal Act).

The district court did not err in sentencing Comly as an Armed Career Criminal.

## II.

Comly believes the district court erred in applying the cross-reference under U.S.S.G. § 2A2.1 based on its finding that he attempted first-degree murder. This court reviews the district court's factual findings for clear error and its application of the guidelines de novo. *United States v. Bryant*, 913 F.3d 783, 786 (8th Cir. 2019).

U.S.S.G. § 2A2.1(a)(1) provides a base offense level of 33 where the district court finds by a preponderance of the evidence that "the object of the offense would have constituted first degree murder" had the victim died. **U.S.S.G. § 2A2.1(a)(1)**; *United States v. Mann*, 701 F.3d 274, 309 (8th Cir. 2012). First-degree murder means "an unlawful killing with malice aforethought, proof of premeditation and deliberation." *United States v. Wilson*, 992 F.2d 156, 158 (8th Cir. 1993), *citing* **18 U.S.C. § 1111(a)**. Malice aforethought means "an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life." **Eighth Circuit Manual of Model Jury Instructions (Criminal)** § 6.18.1111A-1 (2018).

Comly contends "the evidence is insufficient to show his mental state at the time of the incident would rise to that needed for first degree murder." The district court found Comly had malice aforethought:

> The intent to kill is demonstrated because one can infer that an individual intends the natural and probable consequences of acts knowingly done. The defendant knowingly burst out of a closet in close confines to another individual and immediately shot multiple rounds at close range to a law enforcement officer. The natural and probable consequence of that is the death of the officer.

> Even if one didn't look to that intent to kill, certainly there is the intent to willfully act in callous and wanton disregard to the consequences of human life. Again, firing six rounds in close proximity to another human being, so close that the officer has burns on his face from the discharge of the firearm, is such that it's wanton and callous disregard to the harm and the likely loss of life that will come from that action.

The district court did not clearly err in finding Comly had malice aforethought and attempted first-degree murder. When the officers entered his apartment, they repeatedly announced themselves and commanded him to surrender. Instead, Comly hid in a closet with a loaded gun. Waiting until he heard an officer nearby, he "abruptly exited from his hiding place" and "immediately fired at the officer" until empty. This demonstrated an intent to kill or, at the very least, an act in callous and wanton disregard of the consequences to human life. *See United States v. Williams*, 583 Fed. Appx. 585, 586 (8th Cir. 2014) ("[T]he court could infer an intent to kill from [defendant's] firing seven gunshots at a crowd that included rival gang affiliates."); *United States v. McMorris*, 224 Fed. Appx. 549, 551 (8th Cir. 2007) (holding the district court did not clearly err in finding defendant had malice aforethought when he intentionally discharged a firearm at law enforcement from 50 to 60 feet).

The district court did not err in applying U.S.S.G. § 2A2.1.

III.

Comly asserts his within-guidelines sentence is substantively unreasonable. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Haynes*, 958 F.3d 709, 717 (8th Cir. 2020). Only in "unusual" cases will this court reverse a sentence as substantively unreasonable. *United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011).

Comly thinks the district court gave too little weight to mitigating factors, specifically his undischarged terms of imprisonment for unrelated crimes in the state of Iowa, his "chemical addictions," his challenges in childhood and, mental health issues. The district court thoroughly considered these mitigating factors but found they were outweighed by the "seriousness of that attempted murder," his "long and violent criminal history," and his "pattern of behavior of aggression, of violence, a willingness to harm others."

The district court did not abuse its discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____