# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2673
_____

United States of America

*Plaintiff - Appellee*

v.

Rudy Johnson

*Defendant - Appellant*

_____

No. 22-2679
_____

United States of America

*Plaintiff - Appellee*

v.

Rudy Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: March 15, 2023
Filed: May 12, 2023
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

While on supervised release following convictions for conspiracy to commit robbery and unlawful possession of a firearm, Rudy Johnson acquired a handgun and shot a woman nine times in a parking lot. She survived. In addition to petitioning for revocation, the Government charged him with a new offense— possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). Johnson did not contest the alleged violations of his supervised-release conditions, and he pleaded guilty to the new charge. In a consolidated hearing, the district court[1] sentenced him to the statutory maximums of 120 months' imprisonment for the new firearm offense and 24 months' imprisonment for the revocation of his supervised release, ordered to run consecutively. The 120-month sentence was within the advisory sentencing guidelines range for the firearm offense after applying the cross-reference for attempted murder. *See* U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1(c)(1), 2A2.1(a)(2). Johnson appeals only the sentence for his new § 922(g)(1) conviction, arguing that the district court procedurally erred in applying the cross-reference because there was insufficient evidence of his intent to kill.

We review the application of the sentencing guidelines *de novo*. *United States v. Clark*, 999 F.3d 1095, 1097 (8th Cir. 2021). Johnson's intent is a finding of fact reviewed for clear error. *See United States v. Williams*, 41 F.4th 979, 985 (8th Cir. 2022).

For firearm-possession offenses, the sentencing guidelines direct the sentencing court to apply the offense-level calculation for another offense "[i]f the defendant used or possessed any firearm . . . in connection with the . . . attempted

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

commission of [that] offense" and doing so results in a greater offense level. U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1(c)(1). Section 2A2.1 of the guidelines covers attempted murder. Under the federal murder statute, murder is "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). Malice aforethought means "an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life." *United States v. Comly*, 998 F.3d 340, 343 (8th Cir. 2021).

The district court did not err in applying the cross-reference for attempted murder. The court reviewed the federal murder statute as well as our recent decision in *United States v. Williams*, 41 F.4th at 985-86. In *Williams*, the defendant had fired nine shots from close range at the victim, striking him seven times. *Id.* at 986. We concluded there was no clear error in finding that the "unprovoked attack with a deadly weapon 'demonstrated an intent to kill or, at the very least, an act in callous and wanton disregard of the consequences to human life.'" *Id.* (quoting *Comly*, 998 F.3d at 343). We conclude the same here. The district court had "zero difficulty" finding that Johnson had the requisite intent to kill as evidenced by his "aiming a firearm at an individual and shooting her nine times." Moreover, any error in applying the cross-reference was harmless because the record shows that the district court would have imposed the maximum sentence anyway based on the 18 U.S.C. § 3553(a) factors. *See* Fed. R. Crim. P. 52(a). Indeed, the district court thought even the maximum was insufficient.

Affirmed.

_____