**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1217
_____

UNITED STATES OF AMERICA

v.

GREGORY STEVENS,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cr-00107-001)
District Judge: Honorable Mitchell S. Goldberg
_____

Argued on January 23, 2025

Before: HARDIMAN, AMBRO, and SMITH, *Circuit Judges*.

(Filed: February 28, 2025)

Lisa Evans Lewis
Brett G. Sweitzer
Keith M. Donoghue [Argued]
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106

            *Counsel for Appellant*

Jacqueline C. Romero
Robert A. Zauzmer
Michael R. Miller [Argued]
Office of United States Attorney

Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

      *Counsel for Appellee*

—————————

OPINION[*]
—————————

HARDIMAN, *Circuit Judge*.

      Gregory Stevens appeals his judgment of conviction and sentence after pleading guilty to robbery and firearm offenses. We will affirm.

I

      While on state parole for robbery, Stevens entered a Philadelphia pharmacy, brandished a handgun, and threatened to shoot the employees unless they gave him oxycodone. The pharmacy's owner, Ahmed Nawaz, filled up a bag with drugs and looked for oxycodone. Stevens told him to hurry up and again threatened to shoot him. Impatient, Stevens grabbed the bag from Nawaz, put the handgun in his pocket, and bent down to look in a safe for drugs. Nawaz—afraid that Stevens was going to shoot him—tackled Stevens and took him to the ground. As Stevens got up, he pulled out his handgun and shot Nawaz in the chest before pointing the gun at Nawaz's head. Nawaz closed his eyes. Stevens fled and Nawaz survived.

      Stevens was charged with: (I) Hobbs Act robbery, 18 U.S.C. § 1951(a); (II) using,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

carrying, and discharging a firearm during a crime of violence, *id.* § 924(c)(1)(A)(iii); and (III) possession of ammunition as a convicted felon, *id.* § 922(g)(1).

Stevens pleaded guilty. But he later moved to withdraw his guilty plea as to Count III and to dismiss it on the ground that § 922(g)(1) is unconstitutional on its face and as applied to him. The District Court denied both motions.

In anticipation of sentencing, the Revised Presentence Investigation Report used the Sentencing Guidelines' cross reference to attempted second-degree murder and calculated Stevens's base offense level as 27 for Counts I and III. *See* U.S.S.G. § 2A2.1(a)(2); *id.* § 2X1.1(c)(1); *id.* § 2K2.1(c)(1)(A). The Government objected, arguing that "the object of the offense would have constituted first degree murder," so the cross reference to attempted first-degree murder applied. *Id.* § 2A2.1(a)(1). The Government, relying on a felony-murder theory, claimed that the object of the offense was first-degree murder because Stevens would have committed first-degree murder if Nawaz had died during the robbery. Stevens disagreed, contending that the object of the offense was robbery and that the firearm was not intentionally discharged.

At sentencing, the Government called Nawaz to describe the robbery. The District Court credited Nawaz's testimony that Stevens intentionally "pointed the gun at him and shot him." App. 177–78. Afterward, the District Court recessed to review relevant caselaw. Following the recess, the District Court discussed "some very straightforward language in some of the cases that [it thought] supports the Government's position." App. 180–81. Quoting *United States v. Murillo*, 526 F. App'x 192, 194 n.3 (3d Cir. 2013), the District Court said "[i]f the district court had found premeditation, the base offense level

3

would have been 33 because the object of the offense would have constituted first degree murder." App. 181. After discussing two other cases about § 2A2.1(a)(1), the Court reasoned that "I think logic dictates, since I found that the shooting was intentional and the elements of murder—attempted murder necessarily include intentional conduct, I think logic dictates that [§ 2A2.1(a)(1) applies] because the object of the offense would have constituted first degree murder." App. 181–82. The Court said that "an intentional shooting, attempted murder; certainly no one is disputing it was through a vital part of the victim's body, his chest, and I believe no one's disputed also his liver, certainly a vital organ, has been significantly, significantly compromised." App. 182. As a result, the Court calculated a Guidelines sentencing range of 235 to 293 months for Counts I and III followed by a mandatory consecutive sentence of 120 months for Count II. The Court sentenced Stevens to 413 months' imprisonment. Stevens appealed.

II[1]

Stevens argues that the District Court erroneously applied the cross reference to attempted first-degree murder because it did not find premeditation or an intent to kill. And even if the District Court made those findings, Stevens argues that they were unsupported by the record. We disagree.

Before finding that the object of the offense was first-degree murder, the District Court quoted *Murillo*'s discussion of the premeditation requirement. The Court credited

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the final judgment under 28 U.S.C. § 1291 and the sentence under 18 U.S.C. § 3742(a).

Nawaz's testimony that Stevens pointed the gun at him and shot him and found that "the object of the offense would have constituted first degree murder." *Id.* The Court emphasized that this was an "intentional shooting, attempted murder"—rejecting Stevens's argument that he did not intentionally discharge the gun—and that Stevens shot Nawaz in "a vital part of" his body. *Id.* Based on the record, we are persuaded that the District Court implicitly found that Stevens acted with premeditation and intended to kill Nawaz when concluding that the object of the offense was first-degree murder.[2]

In making these findings, the District Court did not clearly err. Nawaz testified that Stevens threatened to shoot him. And Nawaz explained that after he tackled Stevens, Stevens pulled the handgun out of his pocket, aimed it at him, and shot him in the chest. Stevens argues that this does not demonstrate premeditation because the handgun was discharged moments after Nawaz brought him to the ground. *See* 18 U.S.C. § 1111(a). But "a brief moment of thought may be sufficient to form a fixed, deliberate design to kill." *Gov't of the V.I. v. Lake*, 362 F.2d 770, 776 (3d Cir. 1966) (reasoning that "if one voluntarily does an act, the direct and natural tendency of which is to destroy another's life, it may fairly be inferred, in the absence of evidence to the contrary, that the destruction of that other's life was intended"). So the District Court did not clearly err in finding that the object of the offense was first-degree murder, and it correctly applied the

---

[2] Our dissenting colleague says that the District Court's reference to *Murillo*'s discussion of premeditation does not permit us to conclude that the Court found premeditation. "But while the judge did not give comprehensive remarks [about premeditation], he was not silent either, and we do not require perfect explanations from sentencing judges." *United States v. Chandler*, 104 F.4th 445, 458 (3d Cir. 2024).

5

cross reference to § 2A2.1(a)(1).

## III

We now turn to Stevens's Second Amendment challenge to his conviction for possessing ammunition in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is unconstitutional on its face and as applied to him because the Government has not shown that lifetime disarmament of persons convicted of noncapital crimes "is consistent with the Nation's historical tradition of firearm regulation." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022).

While this appeal was pending, we held that "the Second Amendment affords [parolees] no protection." *United States v. Quailes*, 126 F.4th 215, 223 (3d Cir. 2025). Because Stevens was on parole when he committed the robbery, his Second Amendment challenge to his § 922(g)(1) conviction fails.

## IV

For the reasons stated, we will affirm the District Court's judgment.

AMBRO, *Circuit Judge*, concurring in part and dissenting in part

All agree that before us is whether the District Court permissibly "conclude[d] that the object of [Gregory Stevens's] offense was first-degree murder."[1] Maj. Op. at 5. If so, his base offense level would be 33. U.S.S.G. 2A2.1(a)(1). If not, his offense would be attempted second-degree murder, and the base offense level would be 27—that recommended in the presentence report. *Id.* § 2A2.1(a)(2). There are two ways to commit first-degree murder: a "deliberate, malicious, and premeditated killing; or [a killing] committed in the perpetration of, or attempt to perpetrate, [a felony]." 18 U.S.C. § 1111(a); *see also* U.S.S.G. § 2A2.1 n.1 (defining first- and second-degree murder under 18 U.S.C. § 1111). "Any other murder is murder in the second degree." 18 U.S.C. § 1111(a). Because Ahmed Nawaz survived the shooting, the relevant question is whether Stevens's offense conduct constituted *attempted* first- or second-degree murder. *See* U.S.S.G. § 2A2.1 (the guideline for attempted murder). The District Court concluded that Stevens's offense was attempted felony murder and thus a first-degree attempt. The majority sidesteps this conclusion by inferring a finding of premeditation, creating an alternative path to support the Court's conclusion. I dissent because I disagree with the majority's decision to make an "implicit finding," and I do not believe the record supports it.

The Government argued only an attempted felony murder theory before the District Court. Oral Argument 1:29:39-50 (conceding as much). It disavowed any other argument,

---

[1] There is no disagreement on the panel regarding Stevens's challenge to 18 U.S.C. § 922(g)(1)'s application to him.

explaining cases like "*Murillo* [that] did not deal with felony murder" were "not apposite." App. 149 (referring to *United States v. Murillo*, 526 F. App'x 192 (3d Cir. 2013)). The District Court adopted the Government's theory. In its words, "I don't think it's disputed the gun was . . . fired in the course of a robbery . . . . [B]ecause an attempt necessarily includes an intentional act—if I were convinced by a preponderance of the evidence that the shooting was intentional, the base offense level would be 33." App. 142. Its "rul[ing] on the intentionality of the shooting," App. 176, makes sense, because "'[u]nder federal law, a defendant cannot be guilty of attempted murder without a specific intent to kill'[;] . . . a finding of the specific intent . . . is essential to the application of the attempted-murder cross-reference," *United States v. Morgan*, 687 F.3d 688, 697 (6th Cir. 2012) (quoting *United States v. Turner*, 436 F. App'x 631, 631 (6th Cir. 2011)) (first alteration in original). The District Court explicitly recognized as much. App. 181–82 ("[T]he elements of . . . attempted murder necessarily include intentional conduct.").

But a specific-intent finding does not support the Court's conclusion that the offense was attempted felony murder because the doctrine of felony murder cannot be applied without a death. In fairness, we have not directly answered that question. But "[t]he purpose of the felony-murder rule is to deter dangerous conduct by punishing as a first-degree murder *a homicide* resulting from dangerous conduct in the perpetration of a felony, even if the defendant did not intend to kill." 40 Am. Jur. 2d Homicide § 60 (emphasis added).

At argument before us, the Government appeared to step back from its attempted felony-murder theory, agreeing that a finding of premeditation would be required to

2

support the District Court's attempted first-degree murder conclusion. Oral Argument 1:12:18-44; *see also United States v. Bell*, 819 F.3d 310, 319 (7th Cir. 2016) ("[S]etting aside felony murders, it is premeditation that, in the main, distinguishes first from second degree murder."); *Gov't of V.I. v. Rosa*, 399 F.3d 283, 296 (3d Cir. 2005) (first-degree murder occurs when an offender "possessed malice aforethought *and* acted with premeditation and deliberation" (emphasis added)). "To premeditate a killing is to conceive the design or plan to kill." *Gov't of the V.I. v. Lake*, 362 F.2d 770, 776 (3d Cir. 1966). "A deliberate killing is one which has been planned and reflected upon by the accused and is committed in a cool state of the blood, not in sudden passion engendered by just cause of provocation." *Id.* Premeditation therefore has a "necessary time element" between the plan and the action. *Fisher v. United States*, 328 U.S. 463, 470 (1946).

I do not believe the District Court made a finding of premeditation—implicitly or otherwise. The Court repeatedly found "the Government has proven that the shooting was intentional." App. 177; App. 178 ("So I'm finding that the shooting was intentional."); App. 181 ("I found that the shooting was intentional."). It did not discuss any of the arguments the Government makes for the first time on appeal—for example, about the length of time Stevens needed to have "brooded over his plan," the "mental processes involved" in premeditation, or whether Stevens threatened Nawaz. Gov. Br. at 16 (citations omitted). The word premeditation comes up only once in the 234-page record, the Court's oblique reference to a footnote in *Murillo*: "If the district court had found premeditation, the base offense level would have been 33 because the object of the offense would have constituted

3

first degree murder." App. 181 (quoting 526 F. App'x at 194 n.3). But the District Court here quoted *Murillo* during a discussion about the general applicability of U.S.S.G. § 2A2.1, not during a discussion of premeditation. Its reference to *Murillo* shows only its recognition that if the object of an offense was first-degree murder, the base offense level is 33—not 27. But first-degree murder requires a finding of premeditation alongside specific intent. *Rosa*, 399 F.3d at 296–97; *Lake*, 362 F.2d at 775–76. The arguments before the Court and the record as a whole tell me this singular reference is not a finding of premeditation.

Furthermore, the majority cites no authority supporting our Court's power to infer a finding in the first place. And doing so here affords the Government a "second bite at the apple" rather than requiring it to "stand or fall on the record it makes the first time around." *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir. 1995) (citations omitted). That record explicitly and exclusively used attempted felony murder as the basis for a base offense level of 33.

No doubt the District Court found Stevens had specific intent to kill. *See e.g.*, App. 141, 168, 177, 178, 182. This finding, without one of premeditation, supports a conclusion that Stevens's offense would have constituted second-degree murder. *Rosa*, 399 F.3d at 296–97; *Lake*, 362 F.2d at 775–767. I would therefore vacate and remand for it to apply a base offense level of 27. I thus respectfully concur in part and dissent in part.