# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2900
_____

United States of America

*Plaintiff - Appellee*

v.

Patrelle Jose Green-Bowman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: April 28, 2025
Filed: May 1, 2025
[Unpublished]
_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Patrelle Jose Green-Bowman appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm. His counsel has

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court committed a procedural error in its factfinding at sentencing, and abused its discretion by departing upward and imposing a substantively unreasonable sentence.

Upon careful review, we conclude the district court did not err in its factfinding. See United States v. Jones, 89 F.4th 681, 684 (8th Cir. 2023) (district court's factual findings are reviewed for clear error). At the sentencing hearing, Officer Christopher Kubli testified that Green-Bowman struck him in the face during Officer Kubli's pursuit of him. The body camera footage admitted into evidence at the hearing also recorded Officer Kubli's excited utterance of "he assaulted me!" The district court found Officer Kubli's testimony credible. See United States v. McGee, 890 F.3d 730, 734 (8th Cir. 2018) (district court's credibility determinations are virtually unreviewable on appeal). The district court's finding that Green-Bowman intentionally assaulted Officer Kubli is supported by a preponderance of the evidence. United States v. Mustafa, 695 F.3d 860, 862 (8th Cir. 2012) (preponderance-of-the-evidence standard applies to factual determinations at sentencing).

On the pending theft charge in Iowa state court for a stolen credit card, Officer Brady Tyler testified that when he searched the vehicle Green-Bowman had been driving, he found a driver's license with a photo of Green-Bowman and the name "George Jones." The individual using the stolen credit card and the name George Jones charged in excess of $900 to it including at least one charge at a hotel. A detective also testified to Green-Bowman using the name George Jones when he stole another credit card and used it at a hotel. Green-Bowman has a prior conviction for unauthorized use of a credit card. The district court's finding that Green-Bowman was connected to the credit card theft and the George Jones pseudonym is supported by a preponderance of the evidence. Mustafa, 695 F.3d at 862.

Further, the district court did not abuse its discretion in departing upward from the Guidelines range, as it explained that the departure was based upon Green-Bowman's criminal history, the likelihood that he would recidivate, his escalating conduct, and the ineffectiveness of prior lenient treatment. See U.S.S.G. § 4A1.3(a) (upward departure for underrepresented criminal history or likelihood defendant will commit other crimes); United States v. Ruvalcava-Perez, 561 F.3d 883, 886 (8th Cir. 2009) (decision to depart upward is reviewed for abuse of discretion, and extent of departure is reviewed for reasonableness).

Finally, we conclude that the sentence is not substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (standard of review; district court abuses its discretion when it fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (sentence is not unreasonable when court made individualized assessment based on facts presented and addressed defendant's proffered information in its consideration of 18 U.S.C. § 3553(a) factors).

We have independently reviewed the record Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. The judgment of the district court is affirmed, and counsel's motion to withdraw is granted.

_____