# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2509

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  Northern District of Iowa. |
| Dennis Morris Brown, | * |
| | *  [PUBLISHED] |
| Appellant. | * |

_____

Submitted: April 15, 2011
Filed: May 12, 2011

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A federal grand jury returned an indictment charging Dennis Brown with two counts of distributing cocaine base within 1,000 feet of a protected location, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860. Brown pled guilty to one of the two counts, pursuant to a plea agreement. Over Brown's objection, the district court determined that Brown's two prior Iowa convictions for delivery of a simulated controlled substance qualified as "felony drug offenses" and subjected him to a mandatory term of life imprisonment pursuant to § 841(b)(1)(A). As a result, the court sentenced Brown to life imprisonment. Brown appealed, and upon determining that neither of Brown's previous convictions for delivery of a simulated controlled substance was a "felony drug offense" as defined in 21 U.S.C. § 802(44), our court

vacated his sentence and remanded for resentencing. *United States v. Brown*, 598 F.3d 1013, 1018 (8th Cir. 2010).

At Brown's resentencing hearing, the district court[1] determined that Brown's criminal history qualified him as a career offender pursuant to U.S.S.G. § 4B1.1. Because Brown's base offense level of 35 already was higher than the applicable career offender offense level, the career offender enhancement did not affect Brown's offense level. The enhancement did, however, increase Brown's criminal history category from V to VI. The district court then reduced Brown's offense level by 2 levels for acceptance of responsibility. *See* § 3E1.1(a). With a total offense level of 33 and a criminal history category of VI, Brown's resulting advisory sentencing guidelines range was 235 to 293 months' imprisonment. The district court varied downward and imposed a sentence of 210 months. Brown appeals his sentence, arguing that the district court erred in applying the career offender enhancement.

"We review the district court's determination that a defendant qualifies as a career offender de novo." *United States v. Crippen*, 627 F.3d 1056, 1066 (8th Cir. 2010). In order to qualify as a career offender, the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a)(3). The term "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (*or a counterfeit substance*) or the possession of a controlled substance (*or a counterfeit substance*) with intent to manufacture, import, export, distribute, or dispense.

§ 4B1.2(b) (emphases added).

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Brown's two convictions relied upon by the district court to apply the career offender enhancement were "a 1992 conviction for delivery of a substance that he represented to be methamphetamine but was later determined not to contain any controlled substance . . . [and] a 1993 conviction for delivery of a substance that he represented to be cocaine but was later determined not to contain any controlled substance, [both] in violation of Iowa Code § 204.401." *Brown*, 598 F.3d at 1014. The parties agree that the "charging documents incorrectly refer to Brown's offenses as delivery of a 'counterfeit' controlled substance," *see id.* at 1014 n.1, and that the two convictions were for the delivery of a "simulated controlled substance," *see id.* at 1014. Iowa law defines a "simulated controlled substance" as:

> a substance which is not a controlled substance but which is expressly represented to be a controlled substance, or a substance which is not a controlled substance but which is impliedly represented to be a controlled substance and which because of its nature, packaging, or appearance would lead a reasonable person to believe it to be a controlled substance.

Iowa Code § 204.101(27) (1991) (recodified at Iowa Code § 124.101(28) (2010)).

Brown argues that a "simulated controlled substance," as defined by the Iowa Code, does not qualify as a "counterfeit substance" under § 4B1.2(b). "The guidelines do not define the term 'counterfeit substance,' and § 4B1.2 does not import the definition found in the Controlled Substance Act." *United States v. Robertson*, 474 F.3d 538, 540 (8th Cir. 2007). As such, in *Robertson*, our court looked to "the plain meaning of counterfeit" and determined that, if a substance is "made in imitation" and "with an intent to deceive," the substance "is 'counterfeit' for the purposes of § 4B1.2 and qualifies as a controlled substance offense under the career offender provision." *Id.* at 541.

-3-

In *Robertson*, we determined that an Illinois statute[2] contained the made-in-imitation and intent-to-deceive elements of "counterfeit" for the purposes of § 4B1.2. *See id.* at 542 ("Facially, it is readily apparent that [section] (y)(2) . . . includes the 'made-in-imitation' component of 'counterfeit[,]' . . . [and] the plain language in [section] (y)(2)—'expressly or impliedly represented' and 'distributed under circumstances which would lead a reasonable person to believe that the substance is a controlled substance'—clearly contains an intent-to-deceive element."). Because the Illinois statute's definition of "look alike substance" in *Robertson* and the Iowa statute's definition of "simulated controlled substance" in this case both contain the same operative language, *compare* 720 Ill. Comp. Stat. 570/102(y)(2) *with* Iowa Code § 204.101(27), we conclude that the definition of "simulated controlled substance" in section 204.101(27) contains the made-in-imitation and intent-to-deceive elements and, thus, satisfies the plain meaning of "counterfeit substance." Consequently, Brown's two Iowa convictions for delivery of a simulated controlled substance qualify as controlled substance offenses for the purposes of § 4B1.1(a), and the district court did not err when it sentenced Brown as a career offender.

We affirm Brown's sentence.[3]

—————————————————

---

[2] The Illinois statute defined a "look alike substance" as "a substance, other than a controlled substance which . . . (2) is expressly or impliedly represented to be a controlled substance or is distributed under circumstances which would lead a reasonable person to believe that the substance is a controlled substance." *Robertson*, 474 F.3d at 541-42 (quoting 720 Ill. Comp. Stat. 570/102(y)).

[3] Brown also argues that the government did not satisfy the notice requirements of 21 U.S.C. § 851. Because Brown's "sentence was determined by the career offender Guideline and it fell within the maximum statutory range[,] . . . § 851 has no application to his sentencing." *See United States v. Shepard*, 462 F.3d 847, 873 (8th Cir. 2006); *see also United States v. Wallace*, 895 F.2d 487, 489-90 (8th Cir. 1990).