NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2012
Decided February 2, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2661

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 11-40014-001 |
| EDMOND T. GREEN, *Defendant-Appellant.* | James E. Shadid, *Judge*. |

**O R D E R**

Edmond Green pleaded guilty in 2010 to unlawful possession of a firearm by a felon, *see* 18 U.S.C. § 922(g), and was sentenced to 63 months' imprisonment. He filed a notice of appeal, but his appointed counsel has moved to withdraw on the ground that all potential appellate claims are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Green has not responded to his lawyer's submission. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011).

Green does not want his guilty plea set aside, so counsel properly forgoes discussion of the voluntariness of the plea or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Green could argue that the district court erred by increasing his offense level based on a conviction in 1997 under Illinois's "look-alike" statute, which punishes persons for distributing substances that resemble controlled substances. *See* 720 ILCS 570/404(b). The district court—over Green's objection—applied U.S.S.G. § 2K2.1(a)(2), which assigns a base offense level of 24 to defendants who "committed . . . the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Counsel had argued that White's conviction for distributing a "look-alike" substance did not qualify as a controlled-substance offense, since it did not involve actual controlled substances.

We agree with counsel that any challenge to the court's use of § 2K2.1(a)(2) to establish White's base offense level would be frivolous. We and at least four sister circuits have rejected similar arguments involving the Illinois look-alike statute or other comparable state statutes. *See United States v. Brown*, 638 F.3d 816, 819 (8th Cir. 2011) (Iowa statute); *United States v. Hudson*, 618 F.3d 700, 703 (7th Cir 2010) (Indiana statute); *United States v. Mills*, 485 F.3d 219, 224 (4th Cir. 2007) (Maryland statute); *United States v. Robertson*, 474 F.3d 538, 543 (8th Cir 2007) (Illinois statute); *United States v. Crittenden*, 372 F.3d 706, 708–09 (5th Cir. 2004) (Texas statute).

Counsel also considers whether Green could challenge the calculation of his criminal history score. In 1997 Green received a four-year sentence for his look-alike conviction. On the same day, he received a four-year sentence for revocation of his probation (stemming from an armed-robbery conviction in 1996). At sentencing the district court added three points to White's criminal history for the controlled-substance conviction and an additional three for the attempted armed robbery. Counsel had objected that, because White had received his sentences for both the armed-robbery conviction and the look-alike conviction on the same day, those crimes should count as only one "prior sentence" for purposes of his criminal history calculation. *See* U.S.S.G. § 4A1.2(a)(2)(B). But revocations are always counted separately from convictions in criminal history calculations. *See id*. § 4A1.2(a)(2) cmt. n.11 ("If, however, at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be counted separately from the sentence imposed for the revocation."); *United States v. Eubanks*, 593 F.3d 645, 654 (7th Cir. 2010). Any such challenge would therefore be frivolous.

Finally, counsel considers whether Green could challenge the reasonableness of his sentence. But his 63-month sentence was within the guidelines (57 to 71 months based on a total-offense level of 21 and a criminal history of IV), and a sentence within a properly calculated range is presumed reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007);

*United States v. Nurek*, 578 F.3d 618, 626 (7th Cir. 2009). Counsel has not identified any ground to rebut this presumption, nor can we. In determining Green's sentence, the district court appropriately considered the factors in 18 U.S.C. § 3553(a), noting the seriousness of Green's crime and the need to protect society from violent drug dealers. We agree with counsel that any challenge to the reasonableness of Green's sentence would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.