# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-3340

———————————————

United States of America

*Plaintiff - Appellee*

v.

Roger Lee Wadden

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

—————————

Submitted: August 6, 2019
Filed: August 9, 2019
[Unpublished]

—————————

Before COLLOTON, WOLLMAN, and ERICKSON, Circuit Judges.

—————————

PER CURIAM.

Roger Wadden directly appeals the below-Guidelines sentence the district court[1] imposed after he pled guilty to a drug offense, pursuant to a plea agreement

———————————————

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

containing a partial appeal waiver. Under the appeal waiver, he waived his right to appeal his conviction, but preserved his right to appeal his sentence. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable. In a pro se brief, Wadden argues that the government failed to establish the purity and quantity of the substance involved in the offense and that he was erroneously classified as a career offender.

As to Wadden's pro se argument that the government failed to establish the purity and quantity of the substance involved in his offense, we conclude that the argument falls within the scope of the partial appeal waiver because it challenges an essential element of Wadden's offense of conviction. We further conclude that the appeal waiver is valid and enforceable as to this argument. See Alleyne v. United States, 570 U.S. 99, 102 (2013) (holding that any fact that increases the mandatory minimum sentence is an element of offense); see also United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). Next, we conclude that Wadden's challenge to his career-offender classification lacks merit, as the specific argument he advances has been rejected by this court. See United States v. Brown, 638 F.3d 816, 818-19 (8th Cir. 2011) (holding that conviction under Iowa Code Ann. § 204.401 (recodified at Iowa Code Ann. § 124.401(1)) qualified as controlled substance offense for purpose of career-offender provision of Guidelines, even if based on counterfeit substance or imitation controlled substance). We also conclude that Wadden's sentence is not substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (discussing substantive reasonableness). Finally, we have independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues outside the scope of the appeal waiver. Accordingly, we enforce the partial appeal waiver as

to Wadden's pro se challenge to his conviction and affirm in all other respects.  We grant counsel's motion for leave to withdraw.

_____