# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1219

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Carlos Castellanos Muratella

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 17, 2020
Filed: April 15, 2020

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

Juan Carlos Castellanos Muratella ("Castellanos") was convicted of participating in a methamphetamine-distribution conspiracy. Castellanos had previously been convicted of two felony drug crimes under Iowa Code section

124.401. The district court[1] determined these two offenses were career-offender predicate offenses and accordingly designated Castellanos as a career offender under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 4B1.1. This increased his recommended sentence from 130–162 months to 262–327 months. Castellanos appeals the district court's career-offender designation. In addition, he argues the sentence was unreasonable because the district court did not adequately consider his long-term substance abuse problem. We affirm.

## I. Background

Castellanos pled guilty to conspiracy to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 after selling over fifty grams of methamphetamine to undercover officers in Marshalltown, Iowa. The presentence report explained that Castellanos had been convicted of violating Iowa Code section 124.401 — a felony drug crime — on two prior occasions. The district court counted Castellanos's prior Iowa convictions as controlled-substance offenses under U.S.S.G. § 4B1.1. As such, Castellanos — now convicted of a federal controlled substance offense — qualified as a career offender.

Without the career-offender designation, Castellanos argues his offense level would be 27 and his criminal history level would be VI. With the career-offender designation, Castellanos's criminal history level remains at VI, but his offense level is 34. In effect, the designation increased his recommended prison sentence from 130–162 months to 262–327 months. At sentencing, Castellanos requested a shorter-than-recommended sentence of 120 months. Ultimately, the district court sentenced him to a below-Guidelines sentence of 200 months of imprisonment, followed by five years of supervised release.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

## II. Analysis

Castellanos makes two arguments on appeal. First, he argues that Iowa Code section 124.401 is not a career-offender predicate because it covers a broader range of conduct than U.S.S.G. § 4B1.2(b). Second, he contends the district court failed to consider his long-term methamphetamine addiction as a mitigating factor in determining his sentence. We address Castellanos's arguments in turn.

### A. Career Offender

We review career-offender classifications de novo. *United States v. Boose*, 739 F.3d 1185, 1186 (8th Cir. 2014). Castellanos qualifies as a career offender if he (1) "was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . a controlled substance offense; and (3) [he] has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a).

To qualify as a predicate offense, Iowa Code section 124.401 must not "criminalize[ ] more than the guidelines definition of 'controlled substance offense.'" *United States v. Boleyn*, 929 F.3d 932, 938 (8th Cir. 2019) (quoting *United States v. Thomas*, 886 F.3d 1274, 1276 (8th Cir. 2018)). Under this categorical approach, we look "to the statutory definition of the prior offense, not the facts underlying a defendant's prior convictions." *Id.* at 936.

Castellanos argues Iowa Code section 124.401 covers more conduct than U.S.S.G. § 4B1.2(b)'s definition of "controlled substance offense." Section 124.401 criminalizes acts involving both "counterfeit substance[s]" and "simulated controlled substance[s]." In contrast, the Guidelines definition of a "controlled substance offense" only includes "counterfeit substance[s]," but does not specifically mention

simulated controlled substances. U.S.S.G. § 4B1.2(b). Under Castellanos's theory, because Iowa penalizes behavior involving simulated controlled substances and the Guidelines do not, Iowa's law covers a broader range of conduct. And therefore, Iowa Code section 124.401 cannot serve as a predicate controlled substance offense.

But to adopt this reasoning, Castellanos implicitly asks us to disregard a prior Eighth Circuit decision. *See United States v. Brown*, 638 F.3d 816, 818–19 (8th Cir. 2011). We are not free to do so. *See Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."). We held in *Brown* that counterfeit substances under the Guidelines include the simulated controlled substances mentioned in section 124.401.[2] 638 F.3d at 819. By looking at the plain meaning of the word "counterfeit," this court noted that "if a substance is 'made in imitation' and 'with an intent to deceive,' the substance 'is "counterfeit" for the purposes of § 4B1.2 and qualifies as a controlled substance offense under the career offender provision.'" *Id*. at 818 (quoting *United States v. Robertson*, 474 F.3d 538, 541 (8th Cir. 2007)).

We found both of these elements present in Iowa Code section 124.401. *Id.* at 819. Iowa defines a "simulated controlled substance" as something that is not, in fact, a controlled substance, but is either "expressly represented to be a controlled substance" or "is impliedly represented to be a controlled substance and because of its . . . appearance would lead a reasonable person to believe it is a controlled substance." Iowa Code § 124.101(29). *Brown* concluded — by looking at this statutory language — "the definition of 'simulated controlled substance' in [the Iowa Code] contains the made-in-imitation and intent-to-deceive elements and, thus, satisfies the plain meaning of 'counterfeit substance.'" *Brown*, 638 F.3d at 819. Because simulated controlled substances under section 124.401 are implicitly, but

_____

[2]The definition considered in *Brown* has been recodified at § 124.101(29).

categorically, included in the Guidelines definition of "counterfeit substance," Castellanos's statute of conviction is no broader than § 4B1.2.

Castellanos attempts to avoid this conclusion by arguing that *Brown* is no longer binding on this court after the Supreme Court decided *Mathis v. United States*, which explained how to conduct categorical and modified-categorical tests. 136 S. Ct. 2243 (2016). But *Brown*'s holding — that counterfeit substances under the Guidelines include simulated substances under Iowa law — is unaffected by whether the presence of a simulated controlled substance is an alternative element of a section 124.401 conviction or a mere means of committing a section 124.401 offense. *Mathis* only affects cases in which the state offense of conviction is broader than its federal counterpart. *See Mathis*, 136 S. Ct. at 2248–49. Because *Brown* clearly held section 124.401 is no broader than § 4B1.2, *Mathis* does not affect its validity.

And, subsequent to *Mathis*, this court has again determined section 124.401 fits within the Guidelines definition of a controlled substance offense. *See United States v. Wadden*, 774 F. App'x 346, 347 (8th Cir. 2019) (unpublished) ("[W]e conclude that Wadden's specific challenge to his career-offender classification lacks merit, as the specific argument he advances has been rejected by this court.") (citing *Brown* , 638 F.3d at 818–19). In sum, when we apply the categorical test in light of *Brown*, we must conclude Iowa Code section 124.401 is no broader than U.S.S.G. § 4B1.2. Therefore, the district court correctly designated Castellanos as a career offender.

## B. Reasonable Sentence

This court reviews the imposition of sentences under a "deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). When reviewing the substantive reasonableness of the sentence, this court takes "into account the totality of the circumstances, including the extent of the variance from the Guidelines range." *Id.* (quoting *Gall v. United States*, 552 U.S. 38,

39 (2007)). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (alteration in original) (quoting *United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009)).

Castellanos argues the district court improperly counted his 13-year methamphetamine addiction as an aggravating factor, not a mitigating factor. But the district court did no such thing. Rather, it used Castellanos's addiction to illustrate the seriousness of methamphetamine-dealing. The district court specifically noted that Castellanos's "addiction is reasonable to consider" when "trying to reach a sentence that is sufficient but not greater than necessary." It thereafter ordered a sentence five years shorter than the presumptively reasonable Guidelines range. *See Gall*, 552 U.S. at 51 ("If the sentence is within the Guidelines range, the appellate court may . . . apply a presumption of reasonableness."). There is no indication that the district court counted his addiction against him; the generous variance suggests just the opposite. Therefore, the district court did not abuse its discretion.

### III. Conclusion

The district court rightly classified Castellanos as a career offender. It also applied a substantively reasonable sentence. We therefore affirm the sentence.

_____