United States Court of Appeals

For the Eighth Circuit

_____

No. 20-2373
_____

United States of America

*Plaintiff - Appellee*

v.

Diana Bustamante

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: June 18, 2021
Filed: August 24, 2021
[Unpublished]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

A warrant search of Diana Bustamante's residence uncovered 59.58 grams of actual methamphetamine, $1186 in cash, digital scales, and five cell phones. Bustamante pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851.

The district court[1] determined she was a "career offender" based on three prior felony convictions for "controlled substance" offenses. USSG § 4B1.1(a)(3). The career offender enhancement and Bustamante's criminal history category VI resulted in a total offense level of 34 and an advisory guidelines sentencing range of 262-327 months imprisonment. Varying downward, the court imposed a 200-month sentence. Bustamante appeals the sentence, arguing that her prior convictions do not qualify as career offender predicates and that 200 months is a substantively unreasonable sentence because the district court failed to give sufficient weight to 18 U.S.C. § 3553(a) mitigating sentencing factors. We affirm.

1. Bustamante is a career offender under § 4B1.1(a)(3) if she has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." The district court concluded that Bustamante has three prior convictions for "controlled substance offenses." A "controlled substance offense" is "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b). We review the career offender designation *de novo.* United States v. Jefferson, 975 F.3d 700, 706 (8th Cir. 2020), cert. denied, No. 20-6745, 2021 WL 2519291 (June 21, 2021). Prior state law convictions qualify as career offender predicate offenses when they do not "criminalize[] more than the guidelines definition of [a] controlled substance offense." United States v. Boleyn, 929 F.3d 932, 938 (8th Cir. 2019) (quotation omitted), cert. denied, 140 S. Ct. 1138 (2020).

In 2002, Bustamante pleaded guilty to the felony of conspiracy to deliver methamphetamine in violation of Iowa Code §§ 124.401(1), 706.1(1)(a), and 706.1(1)(b). In 2007 and 2014, she pleaded guilty to felony possession with intent

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

to deliver methamphetamine in violation of Iowa Code § 124.401(1). Bustamante argues that none of these prior convictions qualify as a controlled substance offense. Because only two predicate felony convictions are required for career offender status, we will address only the 2007 and 2014 possession with intent to deliver convictions.[2]

Bustamante argues the 2007 and 2014 convictions are not career offender predicates because Iowa Code § 124.401(1) criminalizes possession with intent to deliver a *simulated* controlled substance, whereas USSG § 4B1.2(b) includes only a controlled substance or a *counterfeit* substance. This precise argument was rejected in United States v. Castellanos Muratella, 956 F.3d 541, 543-44 (8th Cir.), cert. denied, 141 S. Ct. 387 (2020), a case in which the appellant was represented by attorneys representing Bustamante on this appeal. Bustamante's brief, filed six months after our decision in Castellanos Muratella was filed, cites Castellanos Muratella in arguing that our prior decision in United States v. Ford, 888 F.3d 922, 930 (8th Cir. 2018), cert. denied, 139 S. Ct. 1301 (2019), "was wrong when decided, it is wrong now . . . . Adherence to Ford as precedent . . . has led to now numerous further correct [sic?] opinions." But our opinion in Castellanos Muratella *did not even cite Ford*, and Bustamante's brief did not acknowledge that Castellanos Muratella is on-point precedent *that is binding on our panel*. Preserving an issue for potential en banc review is of course appropriate. But the lack of candor in counsel's brief has wasted the panel's time. We expect better.

---

[2]Bustamante's argument that the 2002 conspiracy conviction cannot qualify as a controlled substance offense appears to be foreclosed by our en banc decision in United States v. Mendoza-Figueroa, which held that conspiracy to commit a controlled substance offense is itself a controlled substance offense. 65 F.3d 691, 694 (8th Cir. 1995) (en banc), cert. denied, 516 U.S. 1125 (1996); accord United States v. Merritt, 934 F.3d 809 (8th Cir. 2019), cert. denied, 140 S. Ct. 981 (2020).

Under Eighth Circuit precedent that is binding on our panel, Bustamante was properly sentenced as a career offender.

2.  Bustamante further argues the district court imposed a substantively unreasonable 200-month sentence when it failed to give sufficient weight to a variety of 18 U.S.C. § 3553(a) mitigating factors.  We review this issue under a deferential abuse of discretion standard.  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  When the district court has imposed a sentence below the advisory guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." Castellanos Muratella, 956 F.3d at 545 (quotation omitted).

On appeal, Bustamante cites a variety of mitigating factors, focusing in particular on childhood sexual abuse, a past traumatic brain injury, and her struggles with methamphetamine addiction.  The district court explicitly discussed these factors and more when it imposed Bustamante's sentence.  The court then applied a 62-month downward variance from the bottom of the 262-327 month guidelines range.  Given the wide latitude afforded district courts in weighing § 3553(a) factors, Bustamante's "disagreement with how the district court weighed the factors does not demonstrate an abuse of discretion." United States v. McSmith, 968 F.3d 731, 738 (8th Cir. 2020).

The judgment of the district court is affirmed.

_____