# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2304
_____

United States of America

*Plaintiff - Appellee*

v.

Quame Serzion Bennett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: October 17, 2022
Filed: February 8, 2023
[Unpublished]

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Quame Bennett was convicted of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2); possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(D); and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i). At sentencing, Bennett was designated a career offender due to two prior state law drug

convictions. The district court[1] sentenced him to 180 months in prison. Bennett appeals, arguing that he is not a career offender because his state convictions do not count as predicate offenses. We affirm.

To be a career offender, a defendant must have "at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1. We review *de novo* whether a prior conviction qualifies as a controlled substance offense. United States v. Williams, 926 F.3d 966, 969 (8th Cir. 2019). A prior state conviction does not qualify as a controlled substance offense if the conviction was secured under a state law that "criminalize[s] more than the guidelines definition of controlled substance offense." United States v. Castellanos Muratella, 956 F.3d 541, 543 (8th Cir. 2020) (cleaned up).

In 2017, Bennett was twice convicted under Iowa Code § 124.401 for possession of marijuana with intent to deliver. At the time, federal law and the Iowa Code included hemp in their definitions of marijuana. See 21 U.S.C. § 802(16) (2016); Iowa Code § 124.101(19) (2016). By the time Bennett was sentenced, both federal and Iowa law excluded hemp from their definitions of marijuana. Bennett says that his 2017 state convictions are not predicate offenses because the Iowa Code penalized more conduct than what federal law and the Guidelines now capture.

Our precedent squarely forecloses Bennett's argument. In United States v. Jackson,[2] we suggested "that the ordinary meaning of controlled substance is any type of drug whose manufacture, possession, and use is regulated by law." No. 20-3684, 2022 WL 303231, at *1 (8th Cir. Feb. 2, 2022) (per curiam) (cleaned up)

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

[2]Although Jackson is unpublished, we applied Jackson in United States v. Bailey, 37 F.4th 467 (8th Cir. 2022) (per curiam), *petition for cert. filed sub nom.*, Altman v. United States (U.S. Oct. 20, 2022) (No. 22-5877), https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-5877.html.

(quoting United States v. Henderson, 11 F.4th 713, 718 (8th Cir. 2021)).  Just like Bennett, the defendant in Jackson was previously convicted under a hemp-inclusive version of the Iowa Code, yet Congress and Iowa had removed hemp from their definitions of marijuana by the time of the defendant's federal conviction.  We found the changes immaterial, explaining that a substance controlled under state law need not be controlled under federal law.  Id. at *1–2.  The same is true here.

Bennett's marijuana convictions under the hemp-inclusive version of the Iowa Code "categorically qualified as controlled substance offenses for the career offender enhancement."  Id. at *2.  The district court did not err, and we affirm.

_____