# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1606
_____

United States of America

*Plaintiff - Appellee*

v.

Scott William Cupples

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: February 12, 2024
Filed: June 27, 2024
[Published]
_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.
_____

PER CURIAM.

Scott William Cupples pleaded guilty to one count of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and

_____

[1]Judge Colloton became chief judge of the Circuit on March 11, 2024. <u>See</u> 28 U.S.C. § 45(a)(1).

(b)(1)(B). The government agreed not to file an information under 21 U.S.C. § 851, stating that it would rely on Cupples's prior convictions at sentencing. The Presentence Investigation Report ("PSR") found that Cupples is a career offender under USSG § 4B1.1(a) in part because his prior Iowa conviction for conspiracy to manufacture less than five grams of methamphetamine is a "controlled substance offense" as defined in § 4B1.2(b) and its Application Note 1 then in effect, which provided that "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

Cupples timely objected to that portion of the PSR, arguing that his Iowa methamphetamine conspiracy conviction was not a controlled substance offense because the Sentencing Commission improperly added inchoate offenses to the definition of controlled substance offense. In United States v. Mendoza-Figueroa, 65 F.3d 691, 693-94 (8th Cir. 1995) (en banc), applying the Supreme Court's guidance in Stinson v. United States, 508 U.S. 36 (1993), we held this § 4B1.2(b) commentary should be applied to a predicate drug conspiracy conviction because it was within the Commission's authority and was not an erroneous reading of the Guideline. In United States v. Merritt, 934 F.3d 809 (8th Cir. 2019), and other later cases, we held that Mendoza-Figueroa is controlling on this issue. The district court noted that other circuits have recently held that the inclusion of inchoate offenses in Application Note 1 improperly expanded the controlled substance offenses included in the plain language of the § 4B1.2(b) Guideline, interpreting the Supreme Court's decision in Kisor v. Wilkie, 588 U.S. 558 (2019), as weakening the deference to Guidelines commentary required by Stinson.

We recently considered these conflicting circuit authorities but concluded our panels are still bound by Mendoz-Figueroa "until it is overruled by the Court sitting en banc." United States v. Rivera, 76 F.4th 1085, 1091 (8th Cir. 2023). The district

court agreed, concluded <u>Merritt</u> and <u>Mendoza-Figueroa</u> are binding Eighth Circuit precedents, overruled Cupples's objection, and sentenced him as a career offender.[2]

Cupples appeals that ruling. We denied his request for initial en banc hearing. He acknowledges that <u>Merritt</u> and <u>Mendoza-Figueroa</u> are binding precedent that can only be overruled by the court en banc, and urges that we do so. <u>Merritt</u> and <u>Mendoza-Figueroa</u> are binding panel precedent that foreclose Cupples's argument, and we therefore affirm the judgment.

_____

---

[2]Effective November 1, 2023, responding to this circuit conflict, the Sentencing Commission amended § 4B1.2 by striking that portion of Application Note 1 and adding § 4B1.2(d) to the Guideline itself, which incorporates verbatim the deleted language in Application Note 1 that had included inchoate offenses. USSG Amendment 822, 2023 Guidelines Manual, Supp. to Appendix C at 245-47.