CLD-189                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1840
_____

UNITED STATES OF AMERICA

v.

NORMAN BLACKWELL,
                                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:17-cr-00142-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 26, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: October 10, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Norman Blackwell appeals pro se from the District Court's decision denying his motion for a writ of *audita querela*. The Government has timely moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

Blackwell pleaded guilty in the District Court to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. **(Dist. Ct. Dkt. Nos. 3, 111.)** At sentencing, held in 2019, the District Court determined that Blackwell qualified as a career offender under the advisory Sentencing Guidelines, and that the applicable Guidelines range was 262 to 327 months in prison. **(Dist. Ct. Dkt. No. 127, at 2-4; Dist. Ct. Dkt. No. 190, at 7.)** The District Court imposed a below-Guidelines prison sentence of 216 months. **(Dist. Ct. Dkt. No. 139, at 2.)**

Years later, in March 2024, Blackwell collaterally attacked his sentence by moving the District Court to issue a writ of *audita querela*. **(Dist. Ct. Dkt. No. 222.)** "The common law writ of audita querela permitted a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (internal quotation marks omitted). "[This] writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." Id.

2

Blackwell argued that issuance of the writ was warranted in his case because (1) he no longer qualified as a career offender under the Guidelines in view of our decision in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc),[1] and (2) he could not bring a Nasir-based claim via either a 28 U.S.C. § 2255 motion,[2] or a habeas petition filed pursuant to 28 U.S.C. § 2241.[3] **(Dist. Ct. Dkt. No. 222, at 5.)**

The Government opposed Blackwell's motion for a writ of *audita querela*, arguing, inter alia, that (1) it was barred by the collateral-attack waiver provision in his written plea agreement, and (2) there was no "gap" that needed to be filled by the writ in this case. **(Dist. Ct. Dkt. No. 225, at 6-10.)** The District Court subsequently denied the

---

[1] A defendant qualifies as a career offender under the Guidelines if, inter alia, "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In Nasir, our Court, sitting en banc, overruled United States v. Hightower, 25 F.3d 182 (3d Cir. 1994), and held that inchoate crimes (such as conspiracy) do not qualify as a "controlled substance offense." See Nasir, 17 F.4th at 472.

[2] In United States v. Folk, 954 F.3d 597, 609 (3d Cir. 2020), we held "that a nonconstitutional claim based on an incorrect career-offender enhancement under the advisory Guidelines is not cognizable under § 2255."

[3] A federal prisoner may proceed under § 2241 to attack the legality of his sentence only if he demonstrates that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Voneida v. Johnson, 88 F.4th 233, 236 (3d Cir. 2023). The Supreme Court has explained that a § 2255 motion is "inadequate or ineffective" only (1) "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," or (2) where the litigant is asserting a "challenge[] to detention other than [a] collateral attack[] on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023).

3

motion, concluding that Blackwell "has failed to demonstrate that the extraordinary relief he requests is appropriate given all of the facts and circumstances of this case." Dist. Ct. Dkt. No. 226, at 2. This timely appeal followed, **(Dist. Ct. Dkt. No. 227),** and the Government has since moved to summarily affirm. **(3d Cir. Dkt. No. 8.)**

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision denying Blackwell's motion for a writ of *audita querela* is de novo. See, e.g., United States v. Gamboa, 608 F.3d 492, 494 (9th Cir. 2010); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). We may affirm that decision on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if this appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

As part of Blackwell's written plea agreement with the Government, he agreed to "waive[] [his] right to file a motion to vacate sentence under 28 U.S.C. § 2255 . . . and the right to file *any* other collateral proceeding attacking his conviction or sentence." Dist. Ct. Dkt. No. 109-1, at 2 (emphasis added).[4] The Government seeks to enforce that waiver provision. **(Dist. Ct. Dkt. No. 225, at 6-8; 3d Cir. Dkt. No. 8, at 4 n.1.)** We will

---

[4] The agreement explained that this waiver did not preclude Blackwell "from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." Dist. Ct. Dkt. No. 109-1, at 2. But such a claim is not at issue here.

4

enforce a collateral-attack waiver when (1) it is made knowingly and voluntarily, and (2) its enforcement would not work a miscarriage of justice. United States v. Fazio, 795 F.3d 421, 425 (3d Cir. 2015).

Both of those requirements are met in this case. During Blackwell's guilty-plea colloquy, he confirmed that he had read the plea agreement, that he had discussed it with his attorney, and that he understood that he was agreeing to all the terms contained in the agreement. See Dist. Ct. Dkt. No. 117, at 13-15. The District Court then specifically reviewed the agreement's collateral-attack waiver, and Blackwell stated that he understood this provision. See id. at 19. Those in-court statements "carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977), and Blackwell has not alleged any facts that might undermine them. Accordingly, we conclude that his decision to waive his collateral-attack rights was knowing and voluntary. Furthermore, regardless of the merits of his argument that his career-offender designation is incorrect,[5] enforcing this waiver would not work a miscarriage of justice. See Folk, 954 F.3d at 605

---

[5] Although we do not reach the merits of that argument, we note that Hightower was still good law when Blackwell was sentenced, that we have not held that Nasir applies retroactively to cases on collateral review, and that, if he were sentenced today (or any time since November 2023), his conspiracy offense would indeed qualify as a "controlled substance offense" for career-offender purposes. See U.S.S.G. § 4B1.2(d) (providing that the term "control substance offense" "include[s] the offenses of aiding and abetting, attempting to commit, *or conspiring to commit any such offense* (emphasis added)); see also United States v. Cupples, 105 F.4th 1096, 1097 n.2 (8th Cir. 2024) (per curiam) (noting that subsection (d) was added to section 4B1.2 effective November 1, 2023).

5

("[A]n incorrect career-offender designation that results in a sentence within the statutory maximum is not a fundamental defect inherently resulting in a complete miscarriage of justice . . . .").

Because Blackwell's collateral-attack waiver is enforceable and covers his motion for a writ of *audita querela*, the District Court did not err in denying that motion.[6] As this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment.

---

[6] Given the enforceability of Blackwell's collateral-attack waiver, we need not reach the question whether, in the absence of that waiver, a motion for a writ of *audita querela* would be a viable vehicle in this case.