# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3004

_____

United States of America

*Plaintiff - Appellee*

v.

Roy Albert Phillips

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: May 22, 2025
Filed: May 28, 2025
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Roy Phillips appeals after he pled guilty to drug and firearm offenses, and the district court[1] imposed a below-Guidelines prison term. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Phillips entered a conditional guilty plea preserving his right to appeal his sentence and the denial of a motion to suppress evidence. In counseled and pro se briefs, Phillips argues that the district court erred in denying Phillips's motion to suppress, and that his prison term is substantively unreasonable. Phillips also claims, inter alia, that his previous Iowa state conviction is not a predicate offense for career offender status, that his counsel performed ineffectively, and that his plea agreement was not entered knowingly and voluntarily.

First, to the extent Phillips challenges the voluntariness of his guilty plea, the claim is not cognizable in this appeal. *See United States v. Foy*, 617 F.3d 1029, 1033–34 (8th Cir. 2010) (claim that plea was unknowing or involuntary not cognizable on direct appeal where defendant failed to move in district court to withdraw guilty plea). This court similarly declines to address Phillips's ineffective-assistance-of-counsel claims. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (ineffective-assistance claims best litigated in collateral proceedings, where record can be properly developed). Phillips's argument that his Iowa conviction for delivery of a simulated controlled substance should not count as a predicate offense in determining his career offender status is foreclosed by this court's precedent. *See United States v. Castellanos Muratella*, 956 F.3d 541, 543–44 (8th Cir. 2020); *United States v. Brown*, 638 F.3d 816, 818–19 (8th Cir. 2011) (per curiam). Phillips's remaining pro se arguments provide no basis for reversal.

Turning to the denial of the motion to suppress, this court finds no error. *See United States v. Holly*, 983 F.3d 361, 363 (8th Cir. 2020) (standard of review). First, there is nothing to support the contention that the law enforcement officers' testimony was not credible. *See United States v. Nevatt*, 960 F.3d 1015, 1020 (8th Cir. 2020) (credibility determination made by district court after hearing on merits of motion to suppress is virtually unassailable on appeal). The record shows that Phillips abandoned the vehicle he was driving and the cell phone found inside the vehicle. *See United States v. Smith*, 789 F.3d 923, 929 (8th Cir. 2015) (suppression not warranted where defendant fled officers and abandoned vehicle; search of abandoned property does not implicate Fourth Amendment); *United States v.*

*Crumble*, 878 F.3d 656, 659 (8th Cir. 2018) (defendant crashed and then abandoned vehicle; search of cell phone recovered from abandoned vehicle upheld, as cell phone had also been abandoned). Any delay in obtaining the search warrants for the cell phone did not interfere with Phillips's possessory interest in the cell phone. *See United States v. Mays*, 993 F.3d 607, 616–17 (8th Cir. 2021) (reasonableness of delay determined by totality of circumstances); *United States v. Bragg*, 44 F.4th 1067, 1072–73 (8th Cir. 2022) (delay between seizure of cell phone and application for search warrant was not excessive, and seizure did not meaningfully interfere with defendant's possessory interests because he had been arrested and detained). Even if the delay in obtaining the second search warrant was unreasonable, the good faith exception would apply. *See United States v. Leon*, 468 U.S. 897, 913 (1984) (evidence seized by officers reasonably relying on warrant issued by detached and neutral magistrate is admissible); *United States v. Escudero*, 100 F.4th 964, 968 (8th Cir. 2024) (under *Leon* good faith exception to exclusionary rule, evidence will not be suppressed if executing officer's reliance upon warrant was objectively reasonable).

This court also concludes that the district court did not impose a substantively unreasonable sentence, as it properly considered the 18 U.S.C. § 3553(a) factors; there is no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; and the sentence was below the advisory Guidelines range. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse of discretion review); *United States v. Anderson*, 90 F.4th 1226, 1227 (8th Cir. 2024) (district court has wide latitude in weighing relevant factors); *United States v. McCauley*, 715 F.3d 1119, 1127 (8th Cir. 2013) (when district court varies below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying further). Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____

-3-