# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 25-1010

———————————————

United States of America

*Plaintiff - Appellee*

v.

Eric Eugene Muhammad

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa

——————————

Submitted: August 14, 2025
Filed: August 25, 2025
[Unpublished]

——————————

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Eric Muhammad appeals the sentence imposed by the district court[1] after he pled guilty to a drug offense. His counsel has moved for leave to withdraw and has

———————————————

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the determination that his state drug convictions qualified as predicate offenses under the career-offender Guideline and arguing that his sentence is substantively unreasonable.

After careful de novo review, we conclude that Muhammad's challenge to the career-offender enhancement is foreclosed by this court's precedent. *See United States v. Castellanos Muratella*, 956 F.3d 541, 543 (8th Cir. 2020) (standard of review). This court has held that there is no requirement under the Guidelines "that the particular substance underlying the state offense is also controlled under a distinct federal law." *United States v. Henderson*, 11 F.4th 713, 718-19 (8th Cir. 2021). We also conclude that the sentence is not substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (standard of review); *see also United States v. McCauley*, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting when a district court has varied below the United States Sentencing Guidelines Manual range, it is nearly inconceivable that a failure to vary downward further could be an abuse of discretion).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and affirm.

_____