# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1294

_____

United States of America

*Plaintiff - Appellee*

v.

Dale D. Mitchell, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 21, 2025
Filed: December 19, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Dale D. Mitchell, Jr. was convicted after a bench trial of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The

district court[1] sentenced him to 84 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Mitchell objects to a guideline enhancement under U.S.S.G. §§ 2K2.1 and 4B1.2. This court reviews "career-offender classifications de novo." *United States v. Castellanos Muratella*, 956 F.3d 541, 543 (8th Cir. 2020). Mitchell contests the district court's finding that his prior Missouri conviction for attempted second-degree robbery was a crime of violence.

As Mitchell concedes, robbery is an enumerated crime of violence under the current guidelines. *See* U.S.S.G. § 4B1.2(a)(2). *See also* § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). He argues, however, that the 2021 version of the guidelines should apply because the current guidelines violate his constitutional rights. *See id.* § 1B1.11(b)(1) ("If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed."). Under those guidelines, he asserts that inchoate offenses like attempt are excluded from the definition of a crime of violence.

This argument is not consistent with Eighth Circuit law. In *United States v. Mendoza-Figueroa*, this court decided to apply § 4B1.2's commentary about inchoate offenses. *See United States v. Mendoza-Figueroa*, 65 F.3d 691, 693–94 (8th Cir. 1995) (en banc). Subsequent cases affirm that this holding is binding. *See United States v. Cupples*, 105 F.4th 1096, 1097–98 (8th Cir. 2024). Under Eighth Circuit law, both the pre-2023 guidelines and the post-2023 amended guidelines include attempt in their definitions of crime of violence.

---

[1]The Honorable Howard F. Sachs, United States District Court Judge for the Western District of Missouri.

Mitchell contends that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional, as applied to him, based on *N.Y. State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1 (2022). This court reviews constitutional challenges de novo. *See United States v. Eagle Chasing*, 965 F.3d 647, 650 (8th Cir. 2020). This court has rejected this argument, both facially and as applied. *See United States v. Jackson*, 110 F.4th 1120, 1124-25 (8th Cir. 2024). Even if an as-applied challenge were still available to Mitchell, he could not succeed. He has 11 felonies in addition to the current conviction. Based on this criminal history, Mitchell "'pose[s] a credible threat to the physical safety of others.'" *See United States v. Doss*, No. 22-3662, 2024 WL 3964616, at *1 n.2 (8th Cir. Aug. 28, 2024), *quoting United States v. Rahimi*, 602 U.S. 680, 700 (2024).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____